# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN WALKER, | : | CIVIL NO. 3:10-CV-1718 |
| | : | |
| Petitioner, | : | (Judge Nealon) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JEROME WALSH, et al., | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

**I.  Statement of Facts and of the Case**

On September 29, 1999, the Petitioner, Edwin Walker, was convicted of drug trafficking offenses in the Court of Common Pleas of Luzerne County, and was sentenced to 10-to-20 years imprisonment. (Doc. 1.) Ten years and 303 days later, on July 29, 2010, Walker filed this petition for writ of habeas corpus, which raised some 20 grounds for challenging this decade-old conviction. (Id.)

The Respondents have now filed an initial response to the petition, which asserts that consideration of Walker's petition is barred by the one-year statute of limitations which is applicable to habeas corpus petitions under 28 U.S.C. §2244. For the reasons set forth below, we agree that this matter is time-barred under the statute of limitations, and recommend that the petition be denied.

With respect to the chronology of this longstanding litigation, the material facts are largely undisputed, and are based upon a chronology acknowledged by Walker in

his petition for writ of habeas corpus, (Doc. 1), in the Traverse Walker has filed in this case, (Doc. 16), as well as the Respondents' answer to this petition. (Doc. 13.) These documents reveal that, following his September 1999 conviction, Walker pursued a direct appeal of his conviction and sentence to the Pennsylvania Superior Court. On September 27, 2002, the Superior Court affirmed Walker's conviction and sentence, but remanded the case to the trial court for further development of several claims of ineffective assistance of counsel. (Id.) This initial Superior Court ruling was then affirmed by the Pennsylvania Supreme Court on September 18, 2002. (Id.)

Those remaining claims that had been remanded on direct appeal by the Superior Court to the trial judge were ruled upon by the Court of Common Pleas, and denied, on September 23, 2003. (Id.) Walker also appealed that adverse ruling to the Pennsylvania Superior Court, which affirmed the denial of these claims on October 6, 2004. (Id.) Walker then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 26, 2005. (Id.)

With the denial of this review by the Pennsylvania Supreme Court, Walker had 90 days, until October 24, 2005, in which to petition for a writ of certiorari with the United States Supreme Court, seeking Supreme Court review of this conviction and sentence. Walker filed no such petition, and the time for pursuing direct appeals of his conviction then closed on October 24, 2005.

On July 18, 2006, 267 days after his final direct appeal deadline had passed, Walker filed a petition for post-conviction relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541 et seq. That state PCRA petition was denied by the trial court on December 26, 2007, (Doc. 16), and Walker appealed this ruling to the Pennsylvania Superior Court, which affirmed the denial of this PCRA petition on February 3, 2009. (Id.) Walker then submitted a petition for allowance of appeal to the Pennsylvania Supreme Court. That petition was denied on August 19, 2009. (Id.)

Three hundred and forty four (344) days later, on July 29, 2010, Walker filed this petition for a writ of habeas corpus, a petition that is now challenged as untimely. The Commonwealth has filed an initial response to this petition which asserts that this petition is barred by the one-year statute of limitations which applies to state habeas actions under 28 U.S.C. § 2244.(Doc. 14.) Walker, in turn, has filed objections to the state's assertion of the statute of limitations in this case. (Docs. 13 and 16.) This matter has been fully briefed by the parties (Docs. 1, 13, 14, 15, and 16) and is now ripe for review. For the reasons set forth below, we recommend that this petition be denied as time-barred.

## II. Discussion

### A. State Prisoner Habeas Relief–The Legal Standard.

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> **(A)** the applicant has exhausted the remedies available in the courts of the State;
>> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b)

#### (1.) Substantive Standards for Habeas Petitions

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may

"entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

  **(2.)**   **Procedural Benchmarks for Habeas Petitions**

   **( a. )**   **Statute of Limitations**

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that petitioners timely file motions seeking habeas corpus relief. The Antiterrorism and Effective Death Penalty Act of 1996("AEDPA"), 28 U.S.C. § 2244

established a one-year statute of limitations on the filing of habeas petitions by state prisoners. In pertinent part, § 224(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See Miller v. New Jersey State Dept. of Corrections 145 F.3d 616, 617 (3d Cir.1998).

The calculation of this limitations period is governed by a series of well-defined rules. At the outset, these rules are prescribed by statute, specifically 28 U.S.C. § 2244(d)(2), which provides that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

In assessing § 2244's provisions relating to the time when a case is "pending" state review, it is clear that "the term 'pending' must include the time between a court's ruling and the timely filing of an appeal, [and] 'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed." Swartz, 204 F.3d at 424. Thus, the courts have construed this tolling provision in a forgiving fashion, and in a manner which enables petitioners to toll their filing deadlines for the time periods in which they could have sought further direct appellate review of their cases, even if they did not, in fact, elect to seek such review. Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999).

However, these statutory tolling rules do not provide for unlimited tolling of cases while state proceedings are pending. For example, for purposes of tolling the federal habeas statute of limitations, a "properly filed application for State post-conviction or other collateral review" only includes those applications which are properly filed in accordance with state law. Therefore, if the petitioner is delinquent in seeking state collateral review of his conviction, that tardy state pleading will not be considered a "properly filed application for State post-conviction or other collateral review" and will not toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 412-14 (2005); Long v. Wilson, 393 F.3d 390, 394-95 (3d. Cir. 2004).

Beyond this tolling period mandated by statute, it has also been held that AEDPA's one-year limitations period is not a jurisdictional bar to the filing of habeas petitions; Miller, 145 F.3d at 617-18, and, therefore, is subject to equitable tolling. Id. at 618-19.Yet, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. As the United States Court of Appeals for the Third Circuit has observed: "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Id. at 618-19 (citations omitted). Indeed, it has been held that only:

> [T]hree circumstances permit[] equitable tolling: if
>
> (1) the defendant has actively misled the plaintiff,
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or
> (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.
>
> Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999) (citations omitted).

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Applying this exacting standard, Courts have held that: "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to

rise to the 'extraordinary' circumstances required for equitable tolling. See Freeman v. Page, 208 F.3d 572 (7th Cir.2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA only four months prior to the filing of the petition); Taliani v. Chrans, 189 F.3d 597 (9th Cir.1999) (finding lawyer's inadequate research, which led to miscalculating the deadline, did not warrant equitable tolling)." Id. Courts have also repeatedly rejected claims by *pro se* litigants that the burdens of proceeding *pro se* should somehow exempt them from strict compliance with the statute of limitations. See, e.g., Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001); United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

Thus, while tardy habeas petitioners often invite courts to find extraordinary circumstances warranting equitable tolling, those invitations are rarely embraced by the courts. See, e.g., Merritt v. Blaine, 326 F.3d 157 (3d.Cir. 2003)(denying equitable tolling request); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002)(same). In particular, courts have repeatedly held that–absent other exceptional circumstances– a prisoner's mistake, or ignorance, regarding the proper calculation of §2244's one-year statute of limitations does not provide grounds for equitable tolling of that statute of limitations. See, e.g., Harr v. Phelps, 624 F.Supp.2d 344 (D. Del. 2009); Barnett v.

Carroll, 514 F.Supp.2d 619 (D. Del. 2007); Smith v. Carroll, 441 F.Supp.2d 656 (D. Del. 2006); Elam v. Caroll, 386 F.Supp.2d 594 (D. Del. 2005).

## B. Walker's Petition is Time-Barred by AEDPA's Statute of Limitations

In this case, the Commonwealth argues as a threshold matter that Walker's petition is now barred by § 2244(d)'s one-year statute of limitations. Our analysis of the delays in this litigation convinces us that these claims are, in fact, now time-barred.

The history of this case reveals that Walker was convicted in September of 1999, and then pursued a series of direct appeals through the state courts until July 26, 2005. (Id.) With the denial of review of his direct appeal by the Pennsylvania Supreme Court, Walker had 90 days, until October 24, 2005, in which to file a writ of certiorari with the United States Supreme Court, seeking Supreme Court review of this conviction and sentence. Walker filed no such application for writ of certiorari, and the time for pursuing direct appeals of his conviction, therefore, drew to a close on October 24, 2005.

On July 18, 2006, 267 days after his final direct appeal deadline had passed, Walker filed a petition for post-conviction relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541 et seq. That state PCRA petition was denied by the trial court on December 26, 2007, (Doc. 16), and Walker

appealed this ruling to the Pennsylvania Superior Court, which affirmed the denial of this PCRA petition on February 3, 2009. (Id.) Walker then submitted a petition for allowance of appeal to the Pennsylvania Supreme Court. That petition was denied on August 19, 2009. (Id.) Three hundred and forty four (344) additional days then elapsed until July 29, 2010, when Walker filed this petition for writ of habeas corpus. Thus, a straightforward application of the statute of limitations to Walker's case reveals that a total of 611 days which were not tolled by any pending litigation elapsed before Walker filed this petition, a period of time which far exceeds the one-year statute of limitation prescribed by law. On the face of these state court records, we, therefore, find that Walker's federal habeas petition is clearly untimely, and is now barred by AEDPA's one-year statute of limitations.

With respect to the application of the statute of limitations to his case, the precise tenor of Walker's position is not entirely clear. However, it seems that Walker is inviting this Court to toll the entire ten year period from his 1999 conviction through the denial of the appeal of his PCRA petition in August 2009 from statute of limitations calculations.

This we cannot do. The problem with Walker's statutory tolling argument is that it can find no support in language of the statute of limitations itself. That statute of limitations plainly states that Walker's one-year limitation period began to run "from

the . . . date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). In Walker's case this date, which marks the beginning of the one-year period for filing his habeas petition, is undeniably October 24, 2005, 90 days after the denial of his final direct state appeal by the Pennsylvania Supreme Court.

Once this limitation period commenced on October 24, 2005, under the statute it could only be tolled for: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* . . . ." 28 U.S.C. §2244(d)(2)(emphasis added). In this case no one has claimed that an application for post-conviction relief was pending from October 24, 2005, until July 18, 2006, a period of 267 days. All of this time, therefore, is untolled and weighs against Walker when assessing the timeliness of his current federal habeas petition. Furthermore, once Walker's appeals of the denial of his state PCRA petition were exhausted on August 19, 2009, this limitations period began to run once again. From this date, it is undisputed that an additional 344 days passed before Walker filed this federal habeas petition.

Since Walker's statutory tolling argument is not supported by the plain language of the statute, and in fact is contradicted that plain statutory language, it cannot be embraced by this Court. Moreover, it is apparent that Walker's confusion and mistake

regarding how to calculate this one-year limitations period, standing alone, does not constitute the type of exceptional circumstance which warrant equitable tolling of the statute of limitations. See, e.g., Harr v. Phelps, 624 F.Supp.2d 344 (D.Del. 2009); Barnett v. Carroll, 514 F.Supp.2d 619 (D.Del. 2007); Smith v. Carroll, 441 F.Supp.2d 656 (D.Del. 2006); Elam v. Caroll, 386 F.Supp.2d 594 (D.Del. 2005).

Nor can Walker save this untimely federal habeas petition by citing to the fact that he filed a premature PCRA petition in August of 2004, while his direct appeals were still pending. That petition, which was denied by the state courts in September of 2005, was premature under state law. As a procedurally improper petition that pleading will not be considered a "properly filed application for State post-conviction or other collateral review" which may toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 412-14 (2005); Long v. Wilson, 393 F.3d 390, 394-95 (3d. Cir. 2004). But in any event the period from April, 2004, through September, 2005, was already excluded from statute of limitations calculations since Walker's direct appeals were pending or possible during this time period. Therefore, Walker's premature filing of this petition adds nothing to our statute of limitations tolling analysis in this case.

Further, we find that Walker has failed to show that he "'exercised reasonable diligence in investigating and bringing [the] claims.'" Miller, 145 F.3d at 618-19 (citations omitted). In this regard, to secure equitable tolling of the limitations period,

the burden rests with Walker to demonstrate that: "the petitioner has '**in some extraordinary way** ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618-19 (citations omitted)(emphasis added).

In this case several factors weigh heavily against equitable tolling of the limitations period for Walker. At the outset, equitable tolling would be particularly inappropriate here, given the nature of the claims that Walker seeks to pursue. Walker's petition advances a series of claims of trial errors, errors which should have been evident to Walker at the time of his trial and conviction in 1999. Given the nature of these claims it simply cannot be said "that [t]he [petitioner] . . . 'exercised reasonable diligence in investigating and bringing [the] claims'" when he delayed more than 600 days before asserting these claims. Miller, 145 F.3d at 618-19 (citations omitted).

In an effort to equitably toll this limitations period, some of Walker's pleadings contain a novel suggestion. In these pleadings, Walker attempts to equitably toll the statute of limitations by alluding in a general way to subsequent federal prosecutions of judges in Luzerne County for unrelated matters, and suggesting that he is, therefore, somehow entitled to toll the statute of limitations due to "fraud." (Doc. 12.) Yet, this

tolling claim cannot withstand scrutiny since as a general rule: "in cases of fraud the statute runs only from discovery, or from when, with reasonable diligence, there ought to have been discovery." Urland By and Through Urland v. Merrell-Dow Pharmaceuticals, Inc,. 822 F.2d 1268, 1273 (3d Cir. 1987). In this case, the allegations of unrelated wrongdoing by judicial officials in Luzerne County were already a matter of public record by August, 2009, when the Pennsylvania courts denied Walker's appeal of his state PCRA petition. Moreover, Walker's current pleadings do not in any way link these very general assertions of fraud to the actual conduct and outcome of his case. Therefore, these general allegations of fraud, by themselves, do not provide grounds for tolling the 344 days that elapsed between the denial of the state PCRA petition in August, 2009, and the filing of this federal petition in July, 2010.[1]

---

[1] For his part, Walker cites Bowie v. Maddox, 677 F.Supp.2d 276 (D.D.C. 2010), to support his tolling argument based upon an claim of fraud upon the court. Yet, while Bowie did not involve a habeas petition, its discussion of the showing that a plaintiff must make to obtain tolling of the statute of limitations on the grounds of fraud upon the court is instructive and clearly refute Walker's efforts to toll the limitations period on these grounds. As the Bowie court noted: "Although the requirements for a successful claim of fraud on the court elude precise definition, several guiding principles emerge from the case law. First, the fraud must be egregious. 'Fraud upon the court' ... embrace[s] only that species of fraud which does or attempts to[ ] subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.' Second, the perpetrator of the fraud must possess a sufficient mental state. One list of essential elements requires the fraudulent conduct to be

Yet, while Walker has made no showing of extraordinary circumstances on his part which would justify tolling this limitations period, there are substantial interests that weigh in favor of holding him to the limitations period prescribed by law. These countervailing interests include the strong societal interests favoring finality in litigation, as well as the institutional interests of the criminal justice system, which favor prompt presentation and resolution of disputes. In short, Walker's petition invites this Court to ignore his procedural defaults, discount the statute of limitations, and re-open an eleven year old case, without considering the prejudice to the government and the state courts resulting from this course of action. Since this request flies in the face of the law, and cannot be justified on the facts, we recommend that the Court should decline this invitation, and deny his petition for writ of habeas corpus. See, e.g., Merritt v. Blaine, 326 F.3d 157 (3d.Cir. 2003)(denying equitable tolling request); Robinson v. Johnson, 313 F.3d 128 (3d. Cir. 2002)(same).

### III. **Recommendation**

---

"intentionally false, wilfully blind to the truth, or [ ] in reckless disregard for the truth...." Id. 278-79(citations omitted). Nothing in Walker's summary assertion of fraud upon the court rises to the level of egregious conduct justifying equitable tolling here.

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be DENIED, and that a certificate of appealability should not issue.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of October, 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge