FILED
SCRANTON
FEB 11 2011

PER ‎‎‏‏‎‎
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN WALKER, | : | |
| Petitioner | : | CIVIL NO. 3:10-CV-1718 |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE CARLSON) |
| JEROME W. WALSH, et al., | : | |
| Respondents | : | |

## MEMORANDUM and ORDER

On July 29, 2010, Petitioner, Edwin Walker, an inmate confined at the State Correctional Institution ("SCI") in Dallas, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). Petitioner challenged his September 1999 criminal conviction in the Luzerne County Court of Common Pleas. (Id.). On August 13, 2010, the matter was transferred to this Court. (Doc. 3). On September 3, 2010, an Order was issued granting Respondents' motion to file a partial response addressing only the timeliness of the habeas petition. (Docs. 2, 9). A response to the petition and traverse were subsequently filed. (Docs. 14-16). On October 6, 2010, the Magistrate Judge file a Report recommending that the habeas petition be denied as time-barred. (Doc. 17). Petitioner filed objections to the Report and Recommendation ("R&R") on October 22, 2010. (Doc. 18). The R&R is now ripe for disposition and, for the reasons set forth below, will be adopted in part.

### Standard of Review

When objections to a Report and Recommendation have been filed under 28 U.S.C. §

1

636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

**Discussion**

**A.     Procedural History**

In his objections, Petitioner alleges that errors in the Report's chronology, when corrected, establish that his habeas petition was not filed after the statute of limitations expired. (Doc. 18, pp. 1-3).[1] Although Petitioner also objects to the Magistrate Judge's application of the law, he does not oppose the legal standards discussed in the R&R. Thus, except as explained in footnote 13 below, this law will be adopted and incorporated herein. See (Doc. 17, pp. 4-10). After de novo review[2], it is determined that the petition is time-barred.

---

[1]The internal page numbers of the objections do not match the page numbers in Document 18; thus, the numbers assigned by the Court will be used to avoid confusion.

[2]This Court has examined all filings in the instant action, the public docket sheets from the Court of Common Pleas of Luzerne County, 1998/2829, the Pennsylvania Superior Court, 1624 MDA 2000, 1599 MDA 2001, 1652 MDA 2003, 512 MDA 2005, 181 MDA 2008, 819 MDA 2010, and the Pennsylvania Supreme Court, 330 MAL 2002, 1011 MAL 2004, 137 MAL

An independent examination establishes the following procedural history: Petitioner was convicted of drug-related offenses, specifically Possession With Intent to Deliver a Controlled Substance, on or about September 29, 1999.[3] See Commonwealth v. Walker, Criminal No. 98-cr-2829 (Luzerne Cty. Ct. Com. Pl. filed January 8, 1998). On December 30, 1999, he was sentenced to a term of imprisonment of not less than ten (10) to not more than twenty (20) years. (Id.). Following the denial of post-sentence motions, Petitioner filed a timely direct appeal to the Pennsylvania Superior Court. (Id.); Commonwealth v. Walker, No. 1624 MDA 2000 (Pa. Super. 2000). On February 27, 2002,[4] the appellate court affirmed the judgment of sentence, but remanded for further proceedings on Petitioner's ineffectiveness claims. Walker, No. 1624 MDA 2000. The petition for allowance of appeal was denied by the Pennsylvania Supreme Court on September 18, 2002. (Id.); Commonwealth v. Walker, No. 330 MAL 2002 (Pa. 2002).

On September 23, 2003, the Luzerne County Court of Common Pleas denied the remanded claims. Walker, Criminal No. 98-cr-2829. Petitioner filed a timely notice of appeal; but, on October 6, 2004, the Pennsylvania Superior Court affirmed. Commonwealth v. Walker, No. 1652 MDA 2003 (Pa. Super. 2003). The Pennsylvania Supreme Court denied a petition for allowance of appeal on July 26, 2005. (Id.); Commonwealth v. Walker, No. 1011 MAL 2004 (Pa. 2004). Petitioner did not file a petition for writ of certiorari in the United States Supreme

---

2009, and the Pennsylvania Superior Court's opinion filed September 30, 2005, in 512 MDA 2005.

[3]The R&R lists the conviction date as September 29, 1999, but the trial court's docket is unclear as to whether the conviction occurred on September 27, 1999 or September 29, 1999. (Doc. 17, p. 1).

[4]The R&R erroneously states that the Superior Court affirmed Petitioner's conviction and remanded other claims on September 27, 2002. (Doc. 17, p. 2).

Court within ninety (90) days; therefore, direct review concluded. See U.S.C.S. Supreme Ct. R. 13 (providing that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").

In his objections, Petitioner lists numerous filings and dates that are not determinative of a timeliness decision. For example, he highlights the date he filed a notice of appeal on direct review and the date his case was sent to the Pennsylvania Superior Court. See (Doc. 18, pp. 2-3). The Magistrate Judge properly reported that Petitioner's direct appeal was timely filed; therefore, the absence of these dates in the R&R is not significant.

Also regarding his direct appeal, Petitioner claims that the Pennsylvania Supreme Court denied his petition for allowance of appeal on August 17, 2005, not July 26, 2005. (Doc. 18, p. 3). Throughout his objections, it appears Petitioner is relying only on the Common Pleas' docket to object to the Magistrate Judge's timeline; however, the Pennsylvania Supreme Court's docket reflects that its decision was rendered on July 26, 2005, as the R&R indicates. See Walker, No. 1011 MAL 2004 (showing the disposition date, judgment date, and the date the order was exited was July 26, 2005). Where a decision was rendered by another court, its docket, not the trial court's docket showing receipt of the opinion, reflects the correct date. See PA. R.A.P. 108 (stating that "the day of entry shall be the day the clerk of the [deciding] court ... mails or delivers copies of the order to the parties").

### B. The Date Judgment Became Final

The R&R correctly determined that Petitioner's judgment became final upon the conclusion of direct review on October 24, 2005, regardless of the mistaken date noted above.

4

Petitioner argues that he had several matters still pending on direct review in the Court of Common Pleas and the Pennsylvania Superior Court on October 24, 2005, such that his judgment could not have become final on that date and that he was entitled to equitable tolling. (Doc. 18, pp. 11-12). He notes that on August 25, 2004, he filed a motion under the Post Conviction Relief Act ("PCRA") in the trial court. (Doc. 18, p. 11). The docket reflects that this motion was denied on February 24, 2005. See Walker, Criminal No. 98-cr-2829. Petitioner states that his appeal of this decision was sent to the Pennsylvania Superior Court on May 13, 2005[5] under No. 512 MDA 2005 and that the Superior Court's judgment was not filed until November 9, 2005.[6] (Doc. 18, pp. 11-12). Additionally, he alleges that two motions to appoint counsel were pending in the trial court on October 24, 2005. (Id.).

Petitioner confuses the date a judgment becomes final with the date the statute of limitations begins to run, only the later of which may be subject to equitable tolling in this action. A pending **postconviction** petition, or appeal thereof, does not affect the date a judgment of conviction becomes final. Further, after reviewing the docket of the Luzerne County Court of Common Pleas, this Court has determined that Petitioner's argument that he had two motions to appoint counsel pending on October 24, 2005 is incorrect. See Walker, Criminal No. 98-cr-2829. On June 7, 2005, Petitioner filed a motion for appointment of conflict counsel and the petition was granted the same day. Id. On October 18, 2005, Petitioner filed another petition for appointment of conflict counsel and that motion was also granted the same day. Id.

---

[5]The notice of appeal was filed on March 17, 2005.

[6]The opinion was actually filed on September 30, 2005, and remitted on November 7, 2005. Walker, 512 MDA 2005.

5

Accordingly, there were no motions for appointment of counsel undecided on October 24, 2005.

Petitioner argues that a "judgment becomes **FINAL** on the **LATER** of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely petition for certiorari, **OR (2) THE DATE ON WHICH THE DEFENDANT'S TIME FOR FILING A TIMELY PETITION FOR CERTIORARI REVIEW EXPIRES**." (Doc. 18, p. 12) (emphasis in original). He claims that the R&R is using only the first prong of 28 U.S.C. § 2244(d) and that his petition is timely under the second subsection. (Id. at pp. 4, 12-13).

Petitioner relies upon section 2244(d) in determining when his judgment became final, but that section is used in deciding when the one-year period of limitations to file a federal habeas corpus petition begins. However, the language is similar. A "'judgment of conviction becomes final' ... on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits..., or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); Brewington v. Klopotoski, 2010 U.S. Dist. LEXIS 67399, *7-8 (E.D. Pa. 2010). Supreme Court Rule 13 provides:

> (1) Unless otherwise provided by law, a ... petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

As previously stated, on October 6, 2004, the Pennsylvania Superior Court affirmed the trial court's decision denying the remanded claims. Walker, No. 1652 MDA 2003. This decision was "subject to discretionary review" and on July 26, 2005, the Pennsylvania Supreme Court

denied such review. Walker, No. 1011 MAL 2004. Regardless of whether there were pending motions in the Luzerne County Court of Common Pleas or in the Pennsylvania Superior Court, nothing was pending in the Pennsylvania Supreme Court and nothing prevented Petitioner from filing a petition for a writ of certiorari in the United States Supreme Court. Consequently, his judgment became final ninety (90) days later on October 24, 2005, as the Magistrate Judge concluded.

### C. The Date the Statute of Limitations to File a Federal Habeas Petition Began

After applying 28 U.S.C. § 2244(d)(1)(A) to determine when the statute of limitations within which to file a federal habeas petition began to run, it is concluded that the limitations period started the same day Petitioner's judgment became final. Section 2244(d)(1) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

As explained above, Petitioner's judgment became final on October 24, 2005, by "the expiration of the time for seeking [] review" of the Pennsylvania Supreme Court's decision to deny a petition for allowance of appeal. Contrary to Petitioner's assertion, the Magistrate Judge properly applied both prongs of subsection (A).

After a broad reading of Petitioner's objections, it is found that he further alleges that the

7

limitations period did not start because the Luzerne County Court of Common Pleas created an "impediment to filing an application" because it had a **"break-down in Court operations"**. (Doc. 18, pp. 12-13) (emphasis in original).[7] First, he claims that because the trial court accepted his motions, but did not rule upon them, he was prevented from seeking federal habeas relief because such a petition would be considered unexhausted. (Id.). As discussed, the motions for appointment of conflict counsel were not pending on October 24, 2005. Regardless, Petitioner has failed to establish that the trial court, by accepting these motions, acted "in violation of the Constitution or laws of the United States." See 28 U.S.C. § 2244(d)(1)(B). Similarly, he has not shown how the actions of the trial court, in accepting his notice of appeal from denial of his February 2005 PCRA, or of the Pennsylvania Superior Court, in rendering its decision less than five months later, were unconstitutional or otherwise unlawful.

Second, Petitioner claims that the limitations period did not begin because the trial court, on August 19, 2004, failed to retitle his PCRA petition as an "Amended Appellant's Brief" and send it to the Pennsylvania Superior Court. (Doc. 16, p. 2). He asserts that it was structural error for the Clerk not to "forward an improperly filed motion to the correct Court." (Id.). However, the Luzerne County Court of Common Pleas was the "correct Court" to review his PCRA petition. See 42 Pa.C.S. § 9545 ("Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas."). Apparently, Petitioner claims the Clerk of Court should have recognized his PCRA petition to be untimely and attempted to save him by renaming the petition and sending it on to the appellate court, where his direct appeal was pending. There is no such duty. Moreover, an "Amended Appellant's Brief" would have also been untimely.

---

[7]Petitioner has not alleged that subsection (C) applies. See 28 U.S.C. § 2244(d)(1)(C).

Petitioner-Appellant filed a brief in the Pennsylvania Superior Court on January 28, 2004,[8] and Appellee's brief was docketed February 27, 2004. Walker, 1652 MDA 2003. Pennsylvania Rule of Appellate Procedure 2185 provides, a "party may serve and file a reply brief permitted by these rules within 14 days after service of the preceding brief but, except for good cause shown, a reply brief must be served and filed so as to be received at least three days before argument." Pa. R.A.P. 2185(1). Oral argument was held on May 18, 2004. Walker, 1652 MDA 2003. Thus, a supplemental brief would also have been untimely.

Finally, Petitioner argues that fraud or a wrongful or negligent act by a court official caused him to forego his right to a timely appeal.[9] (Doc. 18, p. 13), citing Bowie v. Maddox, 677 F. Supp. 2d 276, 278 (D.D.C. 2010) ("'Fraud on the court' is a claim that exists to protect the integrity of the judicial process, and therefore a claim for fraud on the court cannot be time-barred."); see also (Doc. 16, p. 3). Petitioner's claim may be broadly read as a reason to delay the beginning of the limitations period until: "(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action" and/or "(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1). However, Petitioner does not identify the alleged "fraud." If he was referring to the actions of state officials in

---

[8]This brief was timely because on December 30, 2003, the Pennsylvania Superior Court granted Petitioner's application for extension of time to file a brief until January 30, 2004.

[9]It is unclear from the objections, or Petitioner's other filings, whether he intended to raise "fraud on the court" as the basis to delay starting the statute of limitations under 28 U.S.C. § 2244(d)(1)(B), (D), or as a reason for equitable tolling. Thus, both options will be considered.

accepting and ruling upon his motions, this Court has already rejected the claim. The Magistrate Judge concluded that Petitioner was "alluding in a general way to subsequent federal prosecutions of judges in Luzerne County for unrelated matters." (Doc. 17, p. 14). If this is the fraud to which Petitioner was referring, the criminal charges against Luzerne County officials did not cause an "impediment" to his filing of a habeas petition. See 28 U.S.C. §2244(d)(1)(B). Petitioner was tried and sentenced by the Honorable Patrick J. Toole, Jr., who was not indicted during the corruption investigations. Consequently, the unrelated criminal prosecutions of other judges cannot be the basis for habeas relief. See 28 U.S.C. §2244(d)(1)(D). The R&R correctly applied all sections of 28 U.S.C. § 2244(d)(1) to determine that the one-year statute of limitations to file a federal habeas petition began on October 24, 2005.

### D. Statutory Tolling

Next, Petitioner asserts that the limitations period may be statutorily tolled while "a properly-filed application for State **POST-CONVICTION or OTHER collateral review with respect to the pertinent judgment or claim is pending.**" (Doc. 18, p. 12) (emphasis in original), citing 28 U.S.C. § 2244(d)(2). He argues that the time limitations period was tolled because he "had several motions which were timely filed ... still pending." (Id.), citing Artuz v. Bennett, 531 U.S. 4 (2000).

In Artuz, the Court held that a PCRA petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz, 531 U.S. at 8. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes

10

of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (citing Carey v. Saffold, 536 U.S. 214 (2002)).

It was previously determined herein that the only matter that could be considered pending on October 24, 2005, was Petitioner's appeal of the trial court's decision to deny his PCRA petition. Walker, Criminal No. 98-cr-2829. Although the Pennsylvania Superior Court filed its Memorandum on September 30, 2005, the decision was not remittted until November 7, 2005. Walker, 512 MDA 2005. Regardless, the Superior Court held that the PCRA petition filed on August 19, 2004, while Petitioner's direct appeal was still pending, "was premature" and should have been dismissed. Id.; see also Commonwealth v. Leslie, 757 A.2d 984, 985 (Pa. Super. 2000) ("A PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights."). Consequently, "that [is] the end of the matter." Pace, 544 U.S. at 414; see also Fahy v. Horn, 240 F.3d 239, 243-44 (3d Cir. 2001), cert. denied 534 U.S. 944 (2001).

The next motion Petitioner filed in the trial court, on December 12, 2005, was another petition for appointment of new counsel. Although this motion was not ruled upon until August 31, 2006, such a petition would not provide for statutory tolling. See Hartmann v. Carroll, 492 F.3d 478, 483 (3d Cir. 2007) (stating, "the language of § 2244(d)(2) specifies that the section is tolled only by 'state post-conviction or other collateral review' -- not by just any pending state court proceeding").

On July 19, 2006,[10] 268 days after the one-year statute of limitations began, Petitioner filed a timely PCRA petition in the Luzerne County Court of Common Pleas, statutorily tolling

---

[10]The R&R lists the date as July 18, 2006, (Doc. 17, pp. 3, 10), but the trial court's docket indicates the motion was filed on July 19, 2006, and in his objections, Petitioner agrees. Walker, Criminal No. 98-cr-2829; (Doc. 18, p. 3).

11

the limitations period. The petition was denied on December 27, 2007.[11] Thereafter, Petitioner filed a notice of appeal to the Pennsylvania Superior Court under docket number 181 MDA 2008. The Superior Court affirmed the trial court's order denying PCRA relief on February 3, 2009, and a timely petition for allowance of appeal was filed with the Pennsylvania Supreme Court under docket number 137 MAL 2009. The Pennsylvania Supreme Court denied the petition on August 19, 2009, and the limitations period to seek federal habeas relief started again, at day 268. See Stokes v. Dist. Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) ("[T]he time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."); see also Carter v. Pennsylvania, 2010 U.S. Dist. LEXIS 90755, *8 n.5 (M.D. Pa. 2010) (Caputo, J.). Accordingly, Petitioner had until November 23, 2009 to file a petition for writ of habeas corpus in the district court. He did not file the instant habeas petition until July 29, 2010.[12]

### E. Equitable Tolling

Petitioner also requests equitable tolling. He argues that extraordinary circumstances stood in his way of timely filing a habeas petition. (Doc. 18, p. 12). He contends that due

---

[11] The R&R states that the PCRA petition was denied on December 26, 2007; however, the Luzerne County Court of Common Pleas' docket shows that the order was filed on December 27, 2007. See Walker, Criminal No. 98-cr-2829.

[12] Although Petitioner filed another PCRA petition in the trial court on February 2, 2010, it is not necessary to determine whether this petition would toll the statute of limitations because time to file a federal habeas petition had already expired. See 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final....").

12

diligence has been shown because he "not only filed [motions] on time, he filed some of them too early", in eight different courts, and some of them "twice." (Doc. 16, p. 3). Petitioner alleges that because "the lower Courts 'accepted' his legal motions on Direct review", it would be highly prejudicial to now claim that his issues were exhausted. (Id.). Petitioner claims there was a "break-down in Court operations...." (Id.). He asserts that if he had tried to file a habeas petition, it would be considered mixed and unexhausted. (Doc. 18, p. 13).

"The court has cautioned ... that equitable tolling is to be invoked 'only sparingly.'" Hart v. DiGuglielmo, 2008 U.S. Dist. LEXIS 116036, *8-9 (E.D. Pa. 2008) (citing United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994); Benefits Act Shendock v. Director, Office of Workers' Compensation Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)). "The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618-19 (internal citations omitted).

Petitioner's assertion that he exercised due diligence by filing duplicate and/or untimely motions in the wrong courts is rejected. Additionally, there is nothing in the record to suggest that Petitioner ever attempted to file for federal habeas relief and request a stay of the action until his state proceedings resolved. See Pace, 544 U.S. at 416 (explaining that a prisoner seeking state postconviction relief may file a "protective" petition in federal court asking the court to stay

and abey the federal habeas proceedings until state remedies are exhausted); Rhines v. Weber, 544 U.S. 269, 278 (2005) (holding that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics"). See also Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999) ("misunderstanding of the exhaustion requirement is insufficient to excuse [the petitioner's] failure to comply with the statute of limitations"); Wright v. Klopotoski, 2010 U.S. Dist. LEXIS 116610, *21 (E.D. Pa. 2010) ("[i]gnorance of the law is not enough to invoke equitable tolling") (internal citations omitted). Notably, the instant habeas petition was filed while appeal of Petitioner's most recent PCRA petition was/is still pending in the Pennsylvania Superior Court. See Walker, 819 MDA 2010. This contradicts his argument that he believed he could not file a habeas petition sooner for fear it would be dismissed as unexhausted and also establishes that Petitioner has not, "in some extraordinary way . . . been prevented from asserting his [] rights."

Nevertheless, there are 219 days that will be considered for equitable tolling. Specifically, fifty (50) days after the statute of limitations period began, Petitioner filed a motion for appointment of new counsel in the trial court, on December 12, 2005. This motion was not decided until August 31, 2006. As previously discussed, however, the time limitations period statutorily tolled on July 19, 2006, leaving 219 days that may be equitably tolled. In Jones, the Third Circuit Court of Appeals stated that equitable tolling may be appropriate "where a motion for appointment of counsel is pending...." Jones, 195 F.3d at 159 (dismissing the habeas petition as untimely), citing Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1999)

14

(denying equitable tolling in a Title VII action); see also Washington v. Vaughn, 2002 U.S. Dist. LEXIS 10104, *6 (E.D. Pa. 2002) (explaining that Jones applied this circumstance to habeas actions).[13]

The December 12, 2005, motion for appointment of new counsel was Petitioner's third in approximately six (6) months. The first, filed while direct review was pending before the Pennsylvania Supreme Court, and the second, filed before time expired for Petitioner to seek a petition for writ of certiorari in the United States Supreme Court from the order denying the petition for allowance of appeal, were granted immediately. The third, however, was filed when there was nothing pending. Rule 904 of the Pennsylvania Rules of Criminal Procedure makes the appointment of counsel for a first PCRA petition mandatory; however, "it is intended that counsel be appointed in every case in which a defendant **has filed** a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." Commonwealth v. Smith, 572 Pa. 572, 579 (Pa. 2003) (emphasis added); see also Commonwealth v. Ligons, 971 A.2d 1125, 1140-41 (Pa. 2009) (citing Commonwealth v. Albert, 561 A.2d 736, 738 (Pa. 1989)); PA. R. CRIM. P. 122(C) ("A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons."). Petitioner did not file a PCRA petition until July 19, 2006, and the following month,

---

[13]The R&R listed only the first three circumstances permitting equitable tolling: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum", (Doc. 17, p. 8) (quoting Jones, 195 F.3d at 159), but did not include the fourth, "(4) when the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him." See Yanes v. Nish, 2009 U.S. Dist. LEXIS 33289, *6-7 (M.D. Pa. 2009) (Caldwell, J.).

the trial court granted his motion for appointment of new counsel. Petitioner filed no other motions during this seven (7) month hiatus. Accordingly, he has failed to show that he exercised reasonable diligence in pursuing his claim, that he was prevented from asserting his rights, or that the principles of equity would make the rigid application of the one-year limitations period unfair. Cf Seitzinger, 165 F.3d at 241 (reasoning that the litigant hired an attorney to file a civil complaint, contacted him before the filing deadline to ensure that he had filed the complaint and repeatedly called him, requesting a copy of the complaint and seeking information on how her case was progressing weighed in favor of equitable tolling).

Assuming Petitioner also seeks equitable tolling based on the prosecutions of several Luzerne County judges, he has not shown that a strict application of the limitations period would be unfair. Petitioner alleges "that he acted promptly to assert [the right to appeal] once learning of the existence of grounds relied upon for such requested relief." (Doc. 18, p. 13). The R&R correctly stated, however, that the alleged wrongdoings were a matter of public record in 2009. (Doc. 17, p. 15). Accordingly, Petitioner did not exercise reasonable diligence in bringing his claims on July 29, 2010. Moreover, nothing about these unrelated criminal prosecutions prevented Petitioner from asserting his rights in federal court. The request for equitable tolling will be denied.

## Conclusion

Petitioner's judgment of conviction became final on October 24, 2005 and the one-year statute of limitations for him to file a federal habeas petition began. The time was statutorily tolled 268 days later, on July 19, 2006, when Petitioner filed a timely PCRA petition in the Luzerne County Court of Common Pleas. The petition was denied, the Pennsylvania Superior

16

Court affirmed, and, on August 19, 2009, the Pennsylvania Supreme Court denied a petition for allowance of appeal at which time the limitations period started again. Petitioner had until November 23, 2009 to seek habeas relief, but did not file the instant petition until July 29, 2010, 612 days into the one-year statute of limitations period. Accordingly, Petitioner's objections to the R&R will be overruled in part, as discussed herein, and the recommendation of the Magistrate Judge to deny the habeas petition as untimely will be adopted.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN WALKER, | : | |
| Petitioner | : | CIVIL NO. 3:10-CV-1718 |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE CARLSON) |
| JEROME W. WALSH, et al., | : | |
| Respondents | : | |

## ORDER

AND NOW, this 11th day of FEBRUARY, 2011, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 17) is **ADOPTED in part**;

2. The objections (Doc. 18) to the Report and Recommendation are **OVERRULED in part**;

3. The petition for writ of habeas corpus (Doc. 1) is **DENIED as time-barred**;

4. The Clerk of Court is directed to **CLOSE** the case; and

5. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253.

United States District Judge